UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

JASMIN HOSPITALITY, INC.,
    Defendant.

## COMPLAINT

Plaintiff, RUDOLPH BETANCOURT (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendant, JASMIN HOSPITALITY, INC. (hereinafter "Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2. The subject property is a hotel located on or about 950 SE Federal Hwy., Stuart, FL 34994 (hereinafter "Subject Premises").

3. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## PARTIES

4. Plaintiff, RUDOLPH BETANCOURT, is currently a resident of Fenwick, Michigan in the County of Montcalm, is *sui juris*, and is a qualified individual under the ADA and the FACBC.

5. Plaintiff is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate, a Marine Corps veteran with several friends, family, and colleagues in South Florida including a son who is a minor league baseball athlete in South Florida who he frequently visits. Additionally, Plaintiff enjoys the South Florida weather and the multiple sporting events, festivals, and events that occur throughout South Florida.

6. Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff continues to lead a full life, frequently travels, dines out, and is also an actively social and independent individual.

7. Defendant, JASMIN HOSPITALITY, INC., is a Florida Profit Corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

8. Pursuant to the Martin County Property Appraiser's Office, Defendant, JASMIN HOSPITALITY, INC., is the owner and/or operator/manager of the real property located on or 950 SE Federal Hwy., Stuart, FL 34994 (hereinafter the "Subject Premises"). This is the building where the Subject Premises is located.

9. According to the Florida Department of Business and Professional Regulation, the Defendant, JASMIN HOSPITALITY, INC., was licensed on September 13, 2011 to provide Hotel Accommodations and occupies 950 SE Federal Hwy., Stuart, FL 34994 as a hotel known as "QUALITY INN STUART" a/k/a "QUALITY INN – STUART".

10. The Subject Premises is owned and/or operated by the Defendants and is a public accommodation required by law to comply with the ADA and ADAAG.

**FACTUAL ALLEGATIONS AND CLAIM**

11. Plaintiff visited the Subject Premises on or about July 25, 2022 after making a reservation to stay in an allegedly accessible guest room at the Subject Premises while visiting

friends and family in South Florida, and accessed to the extent possible, or attempted to access the Subject Premises and specific areas of the Subject Premises as described herein.

12. While visiting the Subject Premises, Plaintiff personally encountered or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph 16. As a result, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

13. Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes social embarrassment due to the difficulties encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises was in compliance with the ADA and ADAAG.

14. In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

15. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

16. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

### Accessible Parking

A. The plaintiff had difficulty traversing the passenger loading zone as there is no marked access aisle or signage. Violation: Passenger loading shall provide access aisles adjacent to the vehicle pull-up space. Access aisles shall adjoin an accessible route and not overlap the vehicular way, in accordance with Section 503.3 of the 2010 ADA Standards. Recommendation: Provide an access aisle that is adjacent space. Cost $500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Sections 503 and 503.2 of the 2010 ADA Standards- Passenger Loading Zones, Access Aisles.

### Main Entrance

B. The plaintiff had difficulty identifying the facility as accessible as there is no signage indicating accessibility posted at the main entrance. Violation: Designations- interior and exterior signs identifying permanent rooms and spaces shall comply with Section 703.5 of the 2010 ADA Standards, Recommendation: Provide signage at the front entrance. Cost: Less than $75. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 216.3 of the 2010 ADA Standards-Signs.

C. The plaintiff had difficulty exiting the men's rest room due to the width of the corridor. Violation: the maneuvering clearance at the pull side of the door is less than 54 inches. Violation: the parallel maneuvering clearance for a latch side pull side approach shall comply with Section 404.2.4.1(i) of the 2010 ADA Standards. Recommendation: Install an automatic door opener. Cost: $3500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 206.5 of the 2010 ADA Standards- Doors, Doorways and Gates

### Men's Public Restroom

D. The plaintiff had difficulty utilizing the side wall grab bar due to the obstruction of the toilet paper dispenser located less than 12 inches above the grab bar. Violation: Spacing above grab bars shall comply with 609.3 of the 2010 ADA Standards. Recommendation: Relocate the toilet paper dispenser below grab bar 7 to 9 inches in front of the toilet. Cost: less than $100. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 609.3 of the 2010 ADA Standards. Grab Bars.

E. The plaintiff needed assistance utilizing the water closet due to the rear wall grab bar missing. Violation: Grab bars shall be provided on the side

    wall closest to the water closet and on the rear wall in compliance with Section 604.5.2 of the 2010 ADA Standards. Recommendation: Install a grab bar on the rear wall behind the water closet that is 36 inches long minimum and extends from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side and 33 inches minimum and 36 inches maximum above the finish floor measured to the top of the gripping surface. Cost: Less than $500.  The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 604.5.2 of the 2010 ADA Standards. Grab bars.

**F.**  The plaintiff had difficulty entering and exiting the toilet compartment stall because there are no door pulls on both sides of the stall door. Violation: A door pull complying with 404.2.7 shall be placed on both sides of the door near the latch as required in Section 604.8.1.2 of the 2010 ADA Standards. Recommendation: Install u-shaped loop handles on both sides of the stall door 34 inches minimum and 48 maximum above the finish floor. Cost: Less than $100. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 604.8.1.2 of the 2010 ADA Standards- Doors.

**G.**  The height of the reflecting surface of the mirror above the lavatory in the men's restroom exceeds 40 inches making it difficult for the plaintiff to utilize the mirror. Violation: Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches maximum above the finish floor as required in Section 603.3 of the 2010 ADA Standards. Recommendation: Relocate the mirror so that the reflecting surface is less than 40 inches above the finished floor. The top edge of mirrors should be 74 inches (1880 mm) minimum from the floor or ground. Cost: less than $100. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 603.3 of the 2010 ADA Standards- Toilet and Bathing Room Mirrors.

**H.**  The effort to remove a paper towel from the automatic dispenser requires two hands and tight grasping and pinching making it difficult for the plaintiff to operate. Violation: Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist to operate as required in Section 309.4 of the 2010 ADA Standards. Recommendation: Provide a dispenser that can be operated with one hand without tight grasping, pinching or twisting of the wrist to operate. Cost: $250-350. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 309.4 of the 2010 ADA Standards. Operable Parts.

**Access to Goods and Services**

**I.**  The height of the computer workstation in the lobby exceeds the maximum height of 34 inches above the finish floor making it difficult for the plaintiff to utilize. Violation: The tops of dining surfaces and work

surfaces shall be 28 inches minimum and 34 inches maximum above the finish floor or ground as required in Section 902.3 of the 2010 ADA Standards. Recommendation: Lower the height of the work station to a height of 28 inches minimum to 34 inches maximum from the finished floor. Cost: $250-$400. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 902 of the 2010 ADA Standards. Dining Surfaces and work surfaces.

**J.** The maneuvering clearance for the swimming pool enclosure gate is less than the required minimum making it difficult for the plaintiff to enter and exit the enclosure gate. Violations: The maneuvering clearance on the pull side of the gate is less than 18 inches which is required in Section 404.2.4.1(a) of the 2010 ADA Standards. Recommendation: Extend the concrete walkway to 18 inches wide by 60 inches perpendicular to the gate minimum on the pull side. Cost $3500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 404.2.4.1 of the 2010 ADA Standards. Doors, Doorways and Gates.

**K.** There is no kick plate installed at the bottom of the pool enclosure gate making it difficult for the plaintiff to exit the enclosure without assistance. Violation: Swinging door and gate surfaces within 10 inches (255 mm) of the finish floor or ground measured vertically shall have a smooth surface on the push side extending the full width of the door or gate in accordance with Section 404.2.10 of the 2010 ADA Standards. Recommendation: Attach a kick plate to the bottom 10 inches of the push side surface. Cost: Less than $225. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 404 of the 2010 ADA Standards. Doors, Doorways and Gates.

**L.** The control for the pool shower cannot be operated without tight grasping, pinching, or twisting of the wrist making it difficult for the plaintiff to operate. Violation: Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist to operate as required in Section 309.4 of the 2010 ADA Standards. Recommendation: Replace the shower control with a rigid loop device. Cost: Less than $100. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 309 of the 2010 ADA Standards. Operable Parts.

### Guestroom 107

**M.** The height of the iron provided exceeds the maximum height requirement of 48 inches making it difficult for the plaintiff to reach. Violation: Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum above the finish floor or ground as required in Section 308.2.1of the 2010 ADA Standards. Recommendation: Relocate the iron so that the appliance is within the reach range required by the 2010 Standards. Cost: Less than $75. The removal of this barrier is readily

|      | |
|------|--|
|      | achievable as this barrier is cited as an example of readily achievable in Section 308.2.1 of the 2010 ADA Standards. Reach Ranges. |
| N.   | The pull door with a forward approach does not provide 18 inches of latch side clearance maneuvering clearance parallel to the doorway making difficult for the plaintiff to exit the room unassisted. Violation: The maneuvering clearance on the pull side of the door is less than 18 inches that is required in Section 404.2.4.1 of the 2010 ADA Standards Recommendation: Install an automatic door opener and an electro-magnetic lock. Cost: $2500-$3500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 404 of the 2010 ADA Standard. Doors, Doorways and Gates. |
| O.   | The pulls for the curtain drapes cannot be operated without tight grasping and pinching making it difficult for the plaintiff to operate. Violation: Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist as required in Section 309.4 of the 2010 ADA Standards. Recommendation: Replace the existing pulls with loop type pulls. Cost: Less than $100 per pull. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 309.4 of the 2010 ADA Standards. Operable Parts. |
| P.   | The controls for the air conditioner cannot be without tight grasping, pinching, or twisting of the wrist making it difficult for the plaintiff to operate. Violation: Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist as required in Section 309.4 of the 2010 ADA Standards. Recommendation: Replace the existing controls with new ones. Cost: $300-$500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 309.4 of the 2010 ADA Standards. Operable Parts. |
| Q.   | The water closet does not provide compliant clear floor space making it difficult for the plaintiff to utilize. Violation: The clearance around a water closet shall be 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall as required in Section 604.3.1 of the 2010 ADA Standards. Section 604.3.2 of the 2010 ADA Standards also requires that no other fixtures or obstructions shall be located within the required water closet clearance. Recommendation: Reconfigure and remodel the restroom to provide the required clearances. Cost: $3,500-$5,000. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 604.3.1 of the 2010 ADA Standards. Water Closets. |
| R.   | The length of the grab bar on the back wall provided in the standard roll-in type shower exceeds the maximum of 6 inches from the adjacent wall making it difficult for the plaintiff to utilize the shower without assistance. Violation: Where a seat is provided in standard roll-in type shower compartment, grab bars shall be provided on the back wall and the side wall opposite the seat. Grab bars shall not be provided above the seat. |

      Grab bars shall be installed 6 inches maximum from adjacent walls as required in Section 608.3.2 of the 2010 ADA Standards. Recommendation: Install a grab bar on the back wall extending a maximum of 27 inches from the seat wall to a maximum of 6 inches from the opposite wall at a height of 33 inches minimum to 36 inches maximum to the top of the gripping surface. Cost: $500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 608.3.2 of the 2010 ADA Standards. Grab Bars.

  **S.** The height of the adjustable shower spray unit in room 107 exceeds 48 inches. Violation: Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum as required in Section 308.2.1 of the 2010 ADA Standards. Recommendation: Instruct the housekeeping staff to lower the adjustable showerheads to height of less than 48 inches when cleaning accessible rooms. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in Section 308.2.1 of the 2010 ADA Standards- Forward Reach

  **17.** The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to photograph, measure and determine all of the discriminatory acts violating the ADA.

  **18.** The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

  **19.** The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and

location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10) geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

20. The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

21. Because, *inter alia,* this facility was designed, constructed, and received its State Licensure on September 8, 2011, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

22. Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

23. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights. However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendants continue to operate the Subject Premises in violation of the ADA and ADAAG.

24. Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendants as long as the Subject Premises remains in non-compliance with the ADA.

25. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

26. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

27. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

28. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

29. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(305) 900-2373
GGoldstein@G2Legal.net

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
1825 NW Corporate Blvd., Ste. 110
Boca Raton, Florida 33431
(561) 571-0646
WassenbergL@gmail.com